## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON K. MITCHELL, | : | CIVIL ACTION NO. 1:14-CV-1621 |
| | : | |
| Plaintiff | : | Chief Judge Conner |
| | : | |
| v. | : | |
| | : | |
| DIAMOND PHARMACY SERVICES, | : | |
| CARRIE BUCHALSKI, ANTHONY | : | |
| CHIAVACCI, | : | |
| | : | |
| Defendants | : | |

### MEMORANDUM

On August 19, 2014, Leon K. Mitchell  ("plaintiff"), at all relevant times, an inmate incarcerated at the State Correctional Institution at Retreat ("SCI-Retreat"), Hunlock Creek, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 naming as defendants Diamond Pharmacy Services, Nurse Carrie Buchalski ("Buchalski) and Dr. Anthony Chiavacci ("Chiavacci").  (Doc. 1).  He seeks to proceed *in forma pauperis*.  (Doc. 2).  Obligatory preliminary screening reveals that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

### I.    Standards of Review

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and seek to proceed *in forma pauperis*.  Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . .  (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. §1915(e)(2)(B)(ii).  Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must

dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted."  The standard for reviewing a complaint under this section is the same as that for determining a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6).  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)

In reviewing the legal sufficiency of a complaint, the court must accept the truth of the factual allegations.  Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006).  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957) and requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); see also Iqbal, 556 U.S. at 678 (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"), see also Fed. R. Civ. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief").

## II.    **Allegations of the Complaint**

Plaintiff alleges that on January 13, 2014, while incarcerated at SCI-Retreat, Diamond Pharmacy Services forwarded to him the wrong prescription medication. (Doc. 1, at 2).  The incorrect medication, Tegretol, was given to him by defendant

Buchalski, on January 13, 2014.  (<u>Id.</u> at p. 3).  On January 15, 2014, he sought

medical treatment for dizziness, nausea, headaches, labored breathing and mental

confusion.  (<u>Id.</u>)  He was seen by defendant Chiavacci who diagnosed him with

dehydration resulting from lifting weights.  (<u>Id.</u>)  He is seeking monetary damages.

(<u>Id.</u>)

**III.  <u>Discussion</u>**

Section 1983 of Title 42 of the United States Code offers private citizens a

cause of action for violations of federal law by state officials.  See 42 U.S.C. § 1983.

The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress. . . .

<u>Id.</u>; <u>see</u> <u>also</u> <u>Gonzaga Univ. v. Doe</u>, 536 U.S. 273, 284-85 (2002); <u>Kneipp v. Tedder</u>, 95

F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege

"the violation of a right secured by the Constitution and laws of the United States,

and must show that the alleged deprivation was committed by a person acting

under color of state law."  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

In the medical context, a constitutional violation under the Eighth

Amendment occurs only when prison officials are deliberately indifferent to serious

medical needs.  <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).  The standard is two-pronged;

"[i]t requires deliberate indifference on the part of prison officials and it requires

that the prisoner's medical needs be serious."  <u>West v. Keve</u>, 571 F.2d 158, 161 (3d

Cir. 1978).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain."  Estelle, 429 U.S. at 104.  Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury.  Durmer v. O'Carroll, 991 F.2d 34, 38 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury."  White v. Napoleon, 987 F.2d 103, 109 (3d Cir.1990).  "[W]here a plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim."  Roach v. Kligman, 412 F. Supp. 521, 525 (E.D.Pa.1976). See also U.S. ex rel. Walker v. Fayette County, 599 F.2d 573 (3d Cir.1979).  Significantly, negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106.

Taking plaintiff's allegations as true, his claim, that he received the wrong prescription medication on a single occasion, does not rise to the level of a constitutional claim, as it does not implicate deliberate indifference involving the

"unnecessary and wanton infliction of pain." <u>Estelle</u>, 429 U.S. at 104.  At most, the allegations amount to a claim of negligence or medical malpractice, which is not a constitutional violation. Accordingly, the complaint will be dismissed.

**IV.**   <u>**Leave to Amend**</u>

In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave [to amend] sought should, as the rules require, be freely given." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure); Fed. R. Civ. P. 15(a)(2). Based upon the nature of the allegations, it is clear that affording plaintiff leave to amend to set forth a constitutional violation would be futile.

**V.**   <u>**Conclusion**</u>

For the reasons set forth above, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      October 23, 2014